**UNITED STATES of America,**
**Plaintiff,**

v.

**UNITED STATES GYPSUM COMPANY**
**et al., Defendants.**

**Civ. No. 8017.**

United States District Court
District of Columbia.
June 30, 1955.

Edward Knuff, Asst. to Atty. Gen., for the United States.

Hugh Lynch, Jr., Washington, D. C., MacLeish, Spray, Price & Underwood, Chicago, Ill., Cravath, Swaine & Moore, Bruce Bromley, New York City, for U. S. Gypsum Co.

Seymour Krieger, Washington, D. C., Finck & Huber, Buffalo, N. Y., Rosenmann, Goldmark, Colin & Kaye, New York City, for National Gypsum Co.

C. Roger Nelson, Washington, D. C., Clausen, Hirsh & Miller, Chicago, Ill., for Certain-teed Products Corp.

James O'Donnell, Jr., Benjamin De Witt, Washington, D. C., DeWitt, Pepper & Howell, New York City, for Newark Plaster Co.

Joseph S. Rippey, Rochester, N. Y., for Ebsary Gypsum Co.

Albert E. Hallett and Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., for Celotex Corp.

Scott Crampton, Washington, D. C., David I. Johnston, Oklahoma City, Okl., for Samuel M. Gloyd, doing business under the name of Texas Cement.

Before STONE, Circuit Judge, and WORLEY and COLE, Judges of the United States Court of Customs and Patent Appeals, sitting as District Judges.

PER CURIAM.

The function of a motion for a new trial is to direct the attention of the Court to matters in the opinion of the trial court, in its findings of fact or in its conclusions of law, which counsel regard as having resulted in an erroneous judgment. Here, counsel for the various parties have ably presented or opposed the present motion.

Although the merits of these petitions by the Government and the other petitioners were exhaustively discussed and determined, in majority and dissenting opinions, D.C., 124 F.Supp. 573, and the settlement of the Findings and of the Conclusions and the form of judgment had been painstakingly considered by this Court heretofore in the light of extended invited suggestions from counsel, we have not deemed this present motion as merely a necessary formal step in the progress to a final determination by the Supreme Court. Not only have we listened to the excellent oral arguments on this motion but we have carefully read and studied the complete transcript of that hearing as well as all of

the matters brought to our attention therein.

 Because of these efforts by the Court members and because we still adhere to the views heretofore expressed, it would be but repetition to write a memorandum ruling this motion were it not for one entirely new feature which appears for the first time in this motion. This one matter requires attention and determination. This is the contention by USG that Section 271(d) of Title 35 expressly protects the USG suits against petitioners from any defense of "misuse" on its part of its patents.

The here pertinent language of paragraph "(d)" is that "No patent owner otherwise entitled to relief for infringement * * * of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having * * * (3) sought to enforce his patent rights against infringement * * *."

The vital words for us in this quotation are "otherwise entitled". Patents are classical instruments in conspiracies and combinations to violate the Sherman Act. Can it be that where a designated misuse of patents—here patent license agreements—has been adjudged to be violative of that Act that thereafter the patentee-licensor is absolutely protected by paragraph (d) (3) from the defense of misuse in recovering upon those adjudged unlawful agreements? Can it be possible that the Congress intended, by paragraph (d), to give to a patentee a protection superior to the broad public policy of the Sherman Act, 15 U.S. C.A. §§ 1–7, 15 note?

We have determined that the 1951 Final Decree should be modified to effectuate that Decree fully. Those modifications cover the USG suits definitely. We cannot believe that paragraph (d) was intended to or can properly be construed as nullifying the power of this Court to effectuate the purposes of an anti-trust decree. In short, USG is *not* "otherwise entitled" to come within paragraph (d) (3).